CARTER & CO., Limited, v. FRY et al.

(Circuit Court, E. D. New York. December 28, 1892.)

PATENTS FOR INVENTIONS—PRELIMINARY INJUNCTIONS—PRIOR ADJUDICATIONS—NEW EVIDENCE—DUPLICATE MEMORANDUM SLIPS.

On a motion based on prior adjudications for an injunction against the infringement of letters patent No. 288,048, issued November 26, 1883, to J. H. Frink, for duplicate memorandum or sales slips, there was produced as entirely new evidence a sales slip called the "Taft Book," which was shown to have been in use in Detroit prior to the time of Frink's invention, and that Frink had knowledge thereof. From this evidence it appeared highly probable that the Frink combination contained no patentable invention. *Held,* that the preliminary injunction should be denied.

In Equity. Bill by Carter & Co., Limited, against Willliam H. Fry and Charles B. Wolfe for an infringement of the Frink patent for duplicate memorandum slips. The patent has been passed upon in the following reported cases: Hurlburt v. Carter, 39 Fed. Rep. 802; Carter v. Houghton, 53 Fed. Rep. 577; Same v. Wollschlaeger, Id. 573. The present case is heard on motion for preliminary injunction. Denied.

W. Caryl Ely, for complainant.
Worth Osgood and Arthur M. Pierce, for defendants.

BENEDICT, District Judge. This action is brought by the owners of a patent numbered 288,048, dated November 26, 1883, issued to J. H. Frink, for an invention of duplicate memorandum or sales slips. It now comes before the court upon a motion for a preliminary injunction to prevent the defendant from manufacturing sales slips which are alleged to infringe the Frink patent. The defendants deny the validity of the Frink patent. This patent has been before several courts, and has each time been sustained; the last time by Judge Coxe, in the northern district of New York. Carter v. Wollschlaeger, 53 Fed. Rep. 573. Upon the present motion facts are shown which did not appear in any of the prior adjudications, and the question to be decided was never before presented.

On this motion it appears that, prior to the date of Frink's invention, there was in use in Detroit a certain kind of sales slip, called in these proceedings the "Taft Book." The proofs presented show that the Taft book was made and in use prior to the time of Frink's invention, and that it was known to Frink before his application for a patent. The defense here relied upon, therefore, is not based upon oral testimony and the uncertain memory of witnesses as to the character of the Taft book. The book itself is produced, and it is proved to have been used prior to the date of Frink's invention, and that Frink knew of it. Indeed, Frink himself says that the original specification of his application for a patent referred to the Taft book as then existing. There is therefore no doubt or uncertainty as to the facts relied on to show the Frink patent to be invalid. A consideration of these facts has led me to the conclusion that it is highly probable that upon final hearing it will be held that the combination of old devices effected by Frink, constituting the first claim of his patent, involved no invention, and that his patent is invalid for that reason. Under such circumstances, it would be improper to grant an injunction.

Motion denied.